UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROGER RAINEY and RICKY DAVIS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-00029-JRG-HBG |
| | ) | |
| CITY OF KNOXVILLE, TENNESSEE | ) | |
| | ) | |
| Defendant. | ) | |

## **MOTION TO DISMISS**

Defendant City of Knoxville (hereafter "City"), by and through counsel, respectfully moves this Court to dismiss the Complaint against it for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). As demonstrated *infra*, (1) Plaintiffs failed to identify any "official policy" of the City that purportedly caused them any injury, which is fatal to a 42 U.S.C. § 1983 action against a local governmental entity; (2) Plaintiffs have not pled and cannot plead that they have experienced a cognizable adverse employment action, which is fatal to their claims under the United States Constitution; (3) Plaintiffs have not pled and cannot plead the required elements of a Fourteenth Amendment due process claim; and (4) Plaintiffs have not pled and cannot plead the required elements of a Tennessee Public Protection Act claim pursuant to TENN. CODE ANN. ¶ 50-1-304.

The parties, through counsel, have met and conferred prior to the filing of this Motion as required by this Court's Order Governing Motions to Dismiss (Doc. 4) and have been unable to agree that Plaintiffs' Complaint is curable by a permissible amendment. A notice of conferral has been filed with this Court before filing this Motion.

Accordingly, the City moves this Court for the entry of an Order dismissing this lawsuit, with prejudice, for the failure to state a claim upon which relief can be granted.

## INTRODUCTION

Plaintiffs filed this Complaint on January 27, 2021, pursuant to 42 U.S.C. § 1983, wherein they allege (1) purported retaliation relating to their exercising of rights protected by the First Amendment to the United States Constitution, (2) unspecified violations of rights protected by the Fourteenth Amendment to the United States Constitution "by failing to provide due process of law before suspending their employment," and (3) through only an isolated reference to its acronym, a violation of the Tennessee Public Protection Act ("TPPA"). See Complaint, Doc. 1, ¶¶ 5, 26.

Plaintiffs are both City employees holding salaried positions within the City's Fleet Services Department. See id. at ¶¶ 6-7. After repeatedly following and using City equipment to surveil one of their supervisors, Plaintiffs shared various pictures and self-created documents with the *Knoxville News Sentinel*. See id. at ¶¶ 8-14. On December 23, 2019, the *Knoxville News Sentinel* published an article that, in part, discussed the inaccurate allegations made by Plaintiffs against their supervisor. See id. at ¶ 14. The City took no action against Plaintiffs relating to this article or their conduct described therein.

In January 2020, Plaintiffs' co-workers made numerous complaints that Plaintiffs violated City rules and policies arising from behavior unrelated to the *Knoxville News Sentinel*'s article. Due to these complaints, Plaintiffs were placed on paid administrative leave by Fleet Services Director Keith Shields on January 27, 2020, while the City undertook an investigation of these allegations. See id. at ¶ 15.

It is important to emphasize that the City's investigation of Plaintiffs and Director Shields's placement of Plaintiffs on paid administrative leave arose solely from reports of Plaintiffs' misconduct by their co-workers. Neither the investigation nor Plaintiffs' paid administrative leave bears any relation to the *Knoxville News Sentinel*'s article or Plaintiffs' actions related thereto. However, for purposes of this Motion to Dismiss only, the City does not challenge Plaintiffs' averments as set forth

in their Complaint as such averments fail to state a claim upon which relief can be granted, regardless of veracity.

Due to the scope of this investigation, the difficulties of completing an investigation during the unanticipated COVID-19 pandemic, and the associated civil emergency declared by the City, this investigation is still incomplete, and Plaintiffs are still currently on paid administrative leave. See id. at ¶¶ 15-20, 22.

Significantly, Plaintiffs have been on paid administrative leave at all times relevant; Plaintiffs are still employees of the City; the City has not taken any disciplinary action against either Plaintiff related to the facts pled in this lawsuit; and the City has not acted in contravention of any City policy, rule, or procedure, including any such policy, rule, or procedure relating to Plaintiffs' status as classified employees of the City of Knoxville civil service system. See generally id.

From these facts, and for the reasons set forth below, Plaintiffs have failed to set forth a claim upon which relief can be granted, and, therefore, the City is entitled to dismissal of this action with prejudice.

## MOTION TO DISMISS STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure operates to test the sufficiency of the complaint." Southwell v. Summit View of Farragut LLC, No. 3:10-CV-5502011, U.S. Dist. LEXIS 77145, *5-6 (E.D. Tenn. July 15, 2011) (reversed and remanded in part on other, irrelevant grounds) (citing FED. R. CIV. P. 12(b)(6)). Testing the sufficiency of the complaint is a two-part process. As this Court stated in Southwell,

> The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662 ——, 129 S. Ct. 1937, 1950, 173 L. Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)). That is, "a plaintiff's obligation to provide the grounds of [his or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Although the Court must accept all well-pleaded factual allegations of a complaint as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id.

After assuming the veracity of all well-pleaded factual allegations, the second step for the Court is to determine whether the complaint pleads **"a claim to relief that is plausible on its face**." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556).

U.S. Dist. LEXIS 77145, at *5-6 (emphasis added).

## LAW AND ARGUMENT

I.  **PLAINTIFFS' COMPLAINT FAILS TO STATE THAT ANY OFFICIAL POLICY OF THE CITY RESULTED IN THEIR PURPORTED INJURIES, WHICH IS A REQUIRED ELEMENT FOR A CLAIM BROUGHT PURSUANT TO 42 U.S.C. § 1983.**

When a 42 U.S.C. § 1983 claim is brought against a municipality like the City, the City may only be liable when the alleged constitutional violation was due to an "official policy" of the City:

> The Supreme Court has approved municipal liability based on § 1983 when "the [municipal] action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where such actions emanate from informal governmental custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 [. . .] (1978). In other words, the constitutional violation must have sprung from "official policy" in one form or another. Id. at 694 [. . .] . As such, local government units cannot be held liable mechanically for their employees' actions under a respondeat superior theory. Id. at 691 [. . .] . The plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Bryan Cnty. Bd. of Comm'rs v. Brown, 520 U.S. 397, 404 [. . .] (1997). He "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id.

Alman v. Reed, 703 F.3d 887, 902-03 (6th Cir. 2013); see also Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993) ("to satisfy the Monell requirements, a plaintiff must identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy"). "A local government is not responsible under § 1983 solely because

injuries were inflicted by its employees or agents." Brown v. Cuyahoga Cnty., 517 Fed. Appx. 431, 436 (6th Cir. 2013) (citing Monell, 436 U.S. at 694). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Id. (ellipsis in original). Thus, a plaintiff is required to "specify a governmental policy or custom from which his injuries flowed." Id. (citing Paige v. Coyner, 614 F.3d 273, 284 (6th Cir. 2010)). And an "official policy" or custom cannot be shown by one instance of alleged misconduct. Thomas v. City of Chattanooga, 398 F.3d 426, 432-33 (6th Cir. 2005).

Here, Plaintiffs have not named any individual City employee or official as a defendant to this lawsuit. See generally Complaint, Doc. 1. Instead, Plaintiffs bring this action solely against the City, as a local governmental entity. See generally id. While 42 U.S.C. § 1983 suits may be brought against governmental entities, such suits must aver that a "policy statement, ordinance, regulation, [. . .] decision officially adopted and promulgated by that body's officers," or "informal governmental custom" (or, in other words, an "official policy" as defined in Monell, 436 U.S. at 694) produced the alleged constitutional violations. In their Complaint, **Plaintiffs have failed to identify any official policy or repeated custom of the City whatsoever**, nor have they then pled the "causal link" between any official policy or custom and any alleged deprivation of their rights. Brown, 520 U.S. at 404; Thomas, 398 F.ed at 432-33. Plaintiffs' failure to provide a sufficient factual basis for their 42 U.S.C. § 1983 claim means that Plaintiffs have failed to plead a claim that is plausible on its face. Southwell, U.S. Dist. LEXIS 77145, at *5-6; Iqbal, 556 U.S. at 678; see also Jones v. City of Warrensville Heights, No. 1:18 CV 6472019, U.S. Dist. LEXIS 35974, *13 (N.D. Ohio Mar. 5, 2019) (granting summary judgment to the city in a First Amendment retaliation claim brought through 42 U.S.C. § 1983 where "neither plaintiff's Complaint nor her brief have identified any particular custom, practice, or policy connected to the City of Warrensville Heights that resulted in her alleged injury").

Accordingly, the City is entitled to dismissal of this action, with prejudice, for failure to state a claim upon which relief can be granted.

**II.   EVEN IF PLAINTIFFS HAD PROPERLY PLED A 42 U.S.C. § 1983 CLAIM, PLAINTIFFS FAILED TO PLEAD A LEGALLY COGNIZABLE ADVERSE EMPLOYMENT ACTION, WHICH IS REQUIRED TO PROVE THEIR FIRST AMENDMENT RETALIATION CLAIM.**

Actions brought through 42 U.S.C. § 1983 provide "a method for vindicating federal rights elsewhere conferred" as 42 U.S.C. § 1983 "is not a source of substantive rights" itself. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). "A prima facie case for a First Amendment retaliation claim raised through a 42 U.S.C. § 1983 action has three elements: '(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) 'the adverse action was motivated at least in part by the plaintiff's protected conduct.'" Ehrlich v. Kovack, 710 Fed. Appx. 646, 650 (6th Cir. 2017) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)).

Regarding this second requirement, "**being placed on paid administrative leave while an investigation is conducted into suspected wrongdoing is not an adverse action**." Ehrlich, 710 Fed. Appx. at 650 (emphasis added); see also Harris v. Detroit Pub. Sch., 245 Fed. Appx. 437, 443 (6th Cir. 2007) (holding that plaintiff's paid suspension was not an adverse action and, therefore, plaintiff "failed to satisfy the prima facie requirements of a First Amendment retaliation claim"); Peltier v. United States, 388 F.3d 984, 988 (6th Cir. 2004) ("paid administrative leave pending the outcome of the investigation" was not an adverse employment action) (quoting White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 803 (6th Cir. 2004) ("a suspension *with* pay and full benefits pending a timely investigation into suspected wrongdoing is not an adverse employment action") (emphasis in original)).

Other circuits agree with the Sixth Circuit that paid administrative leave is not an adverse action. See, e.g.,

- Joseph v. Leavitt, 465 F.3d 87, 91 (2nd Cir. 2006) (holding that plaintiff's placement on paid administrative leave does not constitute an adverse employment action because "an employee does not suffer a materially adverse change in the terms and conditions of employment where the employer merely enforces its preexisting disciplinary policies in a reasonable manner");

- Gunten v. Maryland, 243 F.3d 858, 869 (4th Cir. 2001) (holding that a "laundry list of occurrences," including the placement on paid administrative leave, "do not constitute adverse employment action");

- Breaux v. City of Garland, 205 F.3d 150, 158 (5th Cir. 2000) ("[a]lthough [plaintiff] was placed on administrative leave from late April to July 1994, [plaintiff] was paid while on leave and returned to his pre-leave position. Thus, [plaintiff] suffered no adverse action with respect to the leave");

- Singletary v. Mo. Dep't of Corr., 423 F.3d 886, 891 (8th Cir. 2005) ("[w]e find the reasoning of Fourth, Fifth, and Sixth circuits persuasive and hold that [plaintiff] did not suffer an adverse employment action by being placed on administrative leave");

- Lincoln v. Maketa, 880 F.3d 533, 542 (10th Cir. 2018) (holding that placement on paid administrative leave was not an adverse employment action and noting that, "**[a]t oral argument, the [plaintiffs] admitted that they were unaware of an opinion in any circuit that treated paid administrative leave as an adverse employment action**") (emphasis added); and

- Jones v. Castro, 168 F. Supp. 3d 169, 179 (D. D.C. 2016) ("With respect to Plaintiff's discrimination claims, the Court concludes that **a 19[-]month period of paid administrative leave while an investigation is ongoing—an initial two-week**

**period followed by periodic extensions—does not, by itself, constitute an adverse action**") (emphasis added).

Here, the only averred adverse action in Plaintiffs' Complaint is that Plaintiffs were placed on paid administrative leave. See Complaint, Doc. 1, ¶¶ 15-22, 26. From the ample authority *supra*, it is clear that **paid administrative leave is not an adverse action**. See, e.g., Ehrlich, 710 Fed. Appx. at 650; Harris, 245 Fed. Appx. at 443; Peltier, 388 F.3d at 988; White, 364 F.3d at 803. Because the elements of a First Amendment retaliation claim brought through 42 U.S.C. § 1983 require proof that the City somehow took an adverse action against these Plaintiffs, Plaintiffs have not stated a claim upon which relief can be granted as they have failed to plead a legally recognized adverse action. See Ehrlich, 710 Fed. Appx. at 650; Thaddeus-X, 175 F.3d at 394. A complaint must allege enough facts to state "a claim to relief that is plausible on its face." Southwell, U.S. Dist. LEXIS 77145, at *5-6; Iqbal, 556 U.S. at 678. Without pleading a necessary element to a First Amendment retaliation claim, Plaintiffs have failed to plead a claim that is plausible on its face. Accordingly, the City is entitled to dismissal of this action, with prejudice, for failure to state a claim upon which relief can be granted.

### III.  PLAINTIFFS SIMILARLY FAILED TO SUFFICIENTLY PLEAD ANY ALLEGED DUE PROCESS VIOLATION, NECESSITATING DISMISSAL OF THEIR FOURTEENTH AMENDMENT CLAIMS.

Pursuant to the Fourteenth Amendment's Due Process Clause, no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1; Medlin v. City of Algood, 355 F. Supp. 3d 707, 714 (M.D. Tenn. 2019). "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." Medlin, 355 F. Supp. 3d at 714 (quoting Women's Med. Prof'l Corp. v. Baird, 438 F.3d 595, 611 (6th Cir. 2006)). In other words, "[d]ue process is therefore triggered by some deprivation of life, liberty or property." Eggers v. Moore, 257 Fed. Appx. 993, 995 (6th Cir. 2007).

8

In what has been labeled the "root requirement" of the Due Process Clause, "'an individual [must] be given an opportunity for a hearing before he is deprived of any significant property interest,'" meaning that the individual who has a constitutionally protected property interest in his employment must be given a hearing prior to termination or some other adverse employment action. Medlin, 355 F. Supp. 3d at 714 (citing Rodgers v. 36th Dist. Ct., 529 F. Appx. 642, 648 (6th Cir. 2013), and Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). However, there can be no deprivation of any due process interest when an employee "has not been terminated or been disciplined in any way." Eggers, 257 Fed. Appx. at 995.

In contrast, substantive due process "'prevents the government from engaging in conduct that shocks the conscience' . . . or interferes with rights implicit in the concept of ordered liberty.'" Medlin, 355 F. Supp. 3d at 714 (citing Prater v. City of Burnside, 289 F.3d 417, 431 (6th Cir. 2002) and United States v. Salerno, 481 U.S. 739, 746 (1987)). Though one such right is the right to free speech as protected by the First Amendment, "a claim based on the substantive due process right to free speech is duplicative of a First Amendment retaliation claim." Medlin, 355 F. Supp. 3d at 714 (citing Handy-Clay v. City of Memphis, 695 F.3d 531, 547 (6th Cir. 2012); Brandenburg v. Hous. Auth., 253 F.3d 891, 900 (6th Cir. 2001).

Finally, a plaintiff bringing a complaint under 42 U.S.C. § 1983 alleging due process violations must specifically plead that the governmental entity either does not afford any remedies post-deprivation or that any such post-deprivation remedies are somehow inadequate. Perry v. Southeastern Boll Weevil Eradication Found., Inc., 154 Fed. Appx. 467, 476 (6th Cir. 2005) (citing Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 585 (6th Cir. 2004) and Pilgrim v. Littlefield, 92 F.3d 413, 417 (6th Cir. 1996)). Failure to so plead warrants a dismissal for failure to state a claim under the Fourteenth Amendment. Perry, 154 Fed. Appx. at 476-77.

Here, Plaintiffs allege a violation of the Fourteenth Amendment in one conclusory sentence within one conclusory paragraph of their Complaint:

> Defendant retaliated against Plaintiffs because they exercised rights protected by the First Amendment. By doing so, Defendant has further violated Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution, by failing to provide due process of law before suspending their employment.

Complaint, Doc. 1., ¶ 26. This factually devoid averment fails to properly plead a Fourteenth Amendment claim raised through 42 U.S.C. § 1983 as (1) Plaintiffs have failed to plead **any** of the required elements of a due process claim (set forth *supra*; Medlin, 355 F. Supp. 3d at 714 and Baird, 438 F.3d at 611), (2) Plaintiffs failed to meet the mandatory pleading requirements that the City either did not afford a post-deprivation remedy or that any such remedy was inadequate (Perry, 154 Fed. Appx. at 476; Jefferson, 360 F.3d at 585; Pilgrim, 92 F.3d at 417), and (3) Plaintiffs attempt to bring some unidentified form of a due process claim while simultaneously bringing a claim for purported First Amendment retaliation, which is duplicative and, therefore, improper (Medlin, 355 F. Supp. 3d at 714; Handy-Clay, 695 F.3d at 547; Brandenburg, 253 F.3d at 900). The result of all of these pleading deficiencies is that the City—as well as this Court—is left to impermissibly (and prejudicially) speculate as to whether Plaintiffs are bringing a procedural or substantive due process claim and how any such claim relates to or derives from the facts pled in the Complaint.

Furthermore, even if Plaintiffs *had* properly pled their Fourteenth Amendment claim, they are still unable to set forth a claim upon which relief can be granted as Plaintiffs have not been terminated, disciplined, or deprived of any due process interest whatsoever. Plaintiffs acknowledge in their Complaint that they were placed on administrative leave, which included full pay and benefits. See Complaint, Doc. 1, ¶ 15. Paid administrative leave is not an adverse employment action. See, e.g., Ehrlich, 710 Fed. Appx. at 650; Harris, 245 Fed. Appx. at 443; Peltier, 388 F.3d at 988; White, 364 F.3d at 803. Thus, **no process is due prior to placing an employee on paid administrative leave**. Eggers, 257 Fed. Appx. at 995.

A complaint must allege enough facts to state "a claim to relief that is plausible on its face." Southwell, U.S. Dist. LEXIS 77145, at *5-6; Iqbal, 556 U.S. at 678. Without pleading the necessary elements of a Fourteenth Amendment claim, Plaintiffs have failed to plead a claim that is plausible on its face. Accordingly, the City is entitled to dismissal of this action, with prejudice, for failure to state a claim upon which relief can be granted.

### IV. TO THE EXTENT PLAINTIFFS' COMPLAINT AVERS A TENNESSEE PUBLIC PROTECTION ACT CAUSE OF ACTION, HERE, TOO, PLAINTIFFS FAIL TO PLEAD NECESSARY ELEMENTS.

From Plaintiffs' isolated reference to the TPPA, it is unclear whether Plaintiffs intend to plead a cause of action based upon TENN. CODE ANN. ¶ 50-1-304. See Complaint, Doc. 1, ¶ 5. However, *arguendo*, if Plaintiffs did intend to aver a cause of action through the TPPA, this claim is also fatally flawed.

First, if this Court grants the City's Motion to Dismiss relative to Plaintiffs' constitutional claims, federal courts must decline to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed. Musson Theatrical, Inc. v. Federal Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996) (citing 28 U.S.C. § 1367(c)); see also Thrasher v. City of Gallatin, No. 3:12-0407, 2014 U.S. Dist. LEXIS 138344, *20 (M.D. Tenn. Sept. 30, 2014) (declining to retain supplemental jurisdiction over the plaintiff's TPPA claim when federal claims were dismissed).

Second, even if jurisdiction were retained, Plaintiff has not pled and cannot plead the necessary elements of a TPPA claim. The TPPA is set forth in TENN. CODE ANN. § 50-1-304, which explicitly bars employees from being "**discharged** or **terminated** solely for refusing to participate in, or for refusing to remain silent about, illegal activities" (emphases added). As interpreted by the Tennessee Supreme Court:

> A plaintiff asserting a claim under the TPPA must prove four elements:
> (1) the plaintiff was an employee of the defendant;
> (2) the plaintiff refused to participate in or remain silent about illegal activity;
> (3) **the defendant employer discharged or terminated the plaintiff's employment**; and

(4) the defendant terminated the plaintiff's employment solely for the plaintiff's refusal to participate in or remain silent about the illegal activity.

Sykes v. Chattanooga Hous. Auth., 343 S.W.3d 18, 26-27 (Tenn. 2011) (emphasis added).

Here, Plaintiffs have not been discharged or terminated. See Complaint, Doc. 1, ¶ 22. Without discharge or termination, Plaintiffs cannot plead or prove the essential elements of a TPPA action.

WHEREFORE, the City is entitled to a dismissal of all claims against it, with prejudice.

Respectfully submitted,

s/Devin P. Lyon
Devin P. Lyon, BPR #032232
dlyon@adhknox.com
**Attorney for the City of Knoxville**
2300 First Horizon Plaza
P.O. Box 300
Knoxville, TN 37901-0300
(865) 546-7000

**CERTIFICATE OF SERVICE**

      I, Devin P. Lyon, counsel for the City of Knoxville in the captioned cause, do hereby certify that a true and exact copy of this pleading was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

      This 8th day of April, 2021.

      ARNETT, DRAPER AND HAGOOD, LLP

      s/Devin P. Lyon